# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Shortridge*, 2012 IL App (4th) 100663

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER SHORTRIDGE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0663 |
| Filed | January 11, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings on defendant's postconviction petition where his appointed counsel appeared and "confessed" the State's motion to dismiss and a dismissal order was entered, and then the trial court denied defendant's *pro se* motion for withdrawal of his appointed counsel and reconsideration of the dismissal of his petition, the appellate court reversed the dismissal and remanded the cause for the appointment of new counsel, since the court's actions prejudiced defendant when it found his motion to discharge his counsel was moot, struck defendant's motion to reconsider on the ground that he was represented by counsel, and allowed his counsel, but not defendant, to argue whether his counsel should be discharged, especially when his counsel should have moved to withdraw if he found defendant's allegations "nonmeritorious." |
| Decision Under Review | Appeal from the Circuit Court of DeWitt County, No. 07-CF-48; the Hon. Chris E. Freese, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Gary R. Peterson, all of State
Appellate Defender's Office, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro,
Solicitor General, Michael M. Glick and Eldad Z. Malamuth, Assistant
Attorneys General, of counsel), for the People.

Panel

JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justices Steigmann and Cook concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Christopher Shortridge, appeals from the circuit court's dismissal of his postconviction petition without an evidentiary hearing. At the second stage of the proceedings, defendant's appointed counsel confessed the State's motion to dismiss. Defendant filed a *pro se* motion to discharge counsel and a *pro se* motion to reconsider the dismissal. The court denied defendant's motion to discharge and ordered stricken his *pro se* motion to reconsider since he was represented by counsel. Finding error in these proceedings, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3    In June 2007, a grand jury indicted defendant on four counts of criminal drug conspiracy, a Class X felony (720 ILCS 570/405.1 (West 2006)), for delivering cocaine to various individuals with Devon Thomas (the most serious count involved more than 900 grams); three counts of unlawful possession of a controlled substance with intent to deliver, a Class X felony (720 ILCS 570/401(a)(2)(A), (a)(2)(B), (a)(2)(C) (West 2006)); and one count of conspiracy to commit controlled substance trafficking, a Class X felony (720 ILCS 5/8-2 (West 2006)). In August 2007, defendant pleaded guilty to one count of criminal drug conspiracy in exchange for the State's agreement to recommend a sentence of no more than 17 years in prison and dismiss the remaining charges. Thereafter, the trial court sentenced defendant to 17 years in accordance with the State's recommended maximum sentence. Defendant did not appeal.

¶ 4    In February 2009, defendant filed a *pro se* postconviction petition, claiming his trial counsel was ineffective for failing to "investigate, prepare, or present facts, and evidence in a [*sic*] adversarial process." Defendant also alleged his due-process rights were violated when the prosecutor knowingly presented false testimony to the grand jury. Defendant attached his own affidavit, denying he was involved in a drug conspiracy despite his guilty

plea. The circuit court appointed counsel to represent defendant. Counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984), but did not file an amended petition or any further affidavits.

¶ 5      In January 2010, the State filed a motion to dismiss defendant's petition, claiming (1) defendant had been fully and completely admonished prior to entering his guilty plea, (2) he had advised the court that he had been promised nothing in exchange for the plea, (3) he indicated to the court that he had not been threatened in any manner, and (4) the plea was supported by a sufficient factual basis read into the record. The State asserted that defendant's allegations were contradicted by the record.

¶ 6      In March 2010, the circuit court conducted a hearing wherein defendant's counsel appeared, but the State did not. According to counsel, he and the prosecutor agreed that counsel would appear *ex parte* in order to "reset it." However, counsel determined that, "at this point," he was "going to confess the motion to dismiss." The court entered an order dismissing defendant's postconviction petition.

¶ 7      In April 2010, defendant filed a *pro se* motion "for withdrawal of court[-]appointed counsel" and a *pro se* motion to reconsider the circuit court's order dismissing his postconviction petition. The court ruled defendant's motion for "withdrawal" was moot, as there were no pending matters, and his motion to reconsider was stricken for not being filed by counsel.

¶ 8      On June 23, 2010, at defendant's counsel's insistence, the circuit court conducted a hearing with all parties present, including defendant. The court invited comments from the prosecutor and defendant's counsel, but not defendant. The court entered the following docket entry:

"AAG for the People. Kevin Hammer with def[endant] who is in custody of IL DOC. M[otion] to w[ith]draw app[ointed] counsel on file. Set by att[orney] Hammer on request of def[endant]. Statements heard on *pro se* m[otion] to w[ith]draw court app[ointed] counsel. Def[endant] does not have right to choose his court ap[pointed] counsel; there has been no reason given why Mr. Hammer should be withdrawn. If def[endant] wishes to hire his own counsel to rep[resent] him, he has that right; court will not allow def[endant] to proceed *pro se* in this case; court has already app[ointed] Hammer and cause has been heard and *pro se* post-conviction was filed by def[endant]. M[otion] denied. If [defendant] disagrees w[ith] court, [defendant] can direct his attorney to file notice of appeal. [Defendant] remanded to custody of IL DOC."

¶ 9      This appeal followed.

¶ 10                                        II. ANALYSIS

¶ 11      Defendant claims his postconviction counsel rendered ineffective assistance and that his petition should not have been dismissed but, rather, should have proceeded to a third-stage evidentiary hearing with the assistance of new counsel. Upon being notified of counsel's action of confessing the State's motion to dismiss, defendant, within 30 days, filed a motion to discharge counsel. Two days later, he filed his own response to the State's motion to dismiss. However, the circuit court refused to consider his *pro se* response and struck it from

the record, finding that he was then represented by counsel despite his prior pleading seeking to discharge counsel. The court also initially refused to consider defendant's motion to discharge counsel, finding it moot since there was no action pending in the case.

¶ 12    We find the circuit court's actions prejudiced defendant in his postconviction proceedings. In particular, based on the nature of these proceedings, we find the court erred by (1) initially finding that defendant's motion to discharge counsel was moot on the basis there were "no pending matters," (2) striking defendant's *pro se* motion to reconsider the dismissal of his postconviction petition on the basis that he was represented by counsel after defendant had challenged counsel's action of confessing the motion to dismiss, and (3) allowing counsel, but not defendant, to argue whether counsel should be discharged.

¶ 13    Rather than analyze the merits of the allegations set forth in defendant's postconviction petition, as the State proposes, we instead must determine whether counsel provided the level of assistance to which defendant was entitled. Our supreme court has repeatedly held that postconviction counsel must perform specific duties in his representation as provided by Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). *People v. Greer*, 212 Ill. 2d 192, 204-05 (2004). This rule requires that counsel meet with defendant to ascertain his contentions of error and amend, if necessary, the *pro se* petition so as to adequately present those issues. Though these requirements do not obligate counsel to advance frivolous or spurious claims (*Greer*, 212 Ill. 2d at 205), a defendant is entitled to a " 'reasonable' " level of assistance of postconviction counsel (*People v. Perkins*, 229 Ill. 2d 34, 42 (2007) (quoting *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006))). If counsel believes that his client's claims are frivolous or without merit, his ethical obligation is to seek a withdrawal as counsel. *Greer*, 212 Ill. 2d at 209.

¶ 14    In this case, at the June 2010 hearing on defendant's *pro se* motion to discharge, defendant's appointed counsel, Mr. Hammer, advised the court that he did not "see any reason to be withdrawn as court-appointed attorney." He said: "[S]imply because you don't like the outcome or what your attorney has to say, I don't know that that rises to the level that [defendant] needs to find here." Immediately prior to these statements, Mr. Hammer had just advised the court that he had found defendant's allegations as stated in his postconviction petition "nonmeritorious." Mr. Hammer's conduct was, at best, contradictory. If counsel, in fact, found the allegations "nonmeritorious," even with any necessary amendments, then he should have moved to withdraw as counsel, not confess the State's motion to dismiss.

¶ 15    Our decision here should not be construed as any indication of whether the allegations set forth in defendant's petition have merit. Instead, our decision rests solely on the conduct of postconviction counsel during these proceedings. We conclude that the circuit court's order dismissing defendant's petition should be reversed and new counsel appointed to represent defendant. See *People v. Turner*, 187 Ill. 2d 406, 415-16 (1999) ("[I]t is improper to affirm the dismissal of a post[ ]conviction petition when this court finds that post[ ]conviction counsel's performance was so deficient that it amounts to virtually no representation at all."). If newly appointed counsel, after complying with the mandates of Rule 651, determines that defendant's petition lacks any meritorious issue, then he should move to withdraw as counsel. At that point, the circuit court would need to determine whether the record supported counsel's assertion that the petition was without merit. *Greer*,

212 Ill. 2d at 211-12. Depending on the court's assessment, defendant could be allowed to proceed *pro se*. In other words, appointed counsel should either represent defendant's interests in the proceedings or move to withdraw.

¶ 16 Based on the record in this case, we agree with defendant that he was denied his right to a reasonable level of assistance as provided under the Post-Conviction Hearing Act (725 ILCS 5/122-4 (West 2010)). See *Turner*, 187 Ill. 2d at 415 (counsel's conduct represented a "total failure of representation" and demonstrated that he "represented petitioner in name only"). As the court found in *Turner*, we likewise find that it is virtually impossible in this case to determine the merit of defendant's claims where postconviction counsel essentially did nothing to shape the claims into the appropriate legal form. *Turner*, 187 Ill. 2d at 416-17. "To tolerate such inadequate representation would render the appointment of counsel in post[ ]conviction proceedings nothing but 'an empty formality.' " Turner, 187 Ill. 2d at 417 (quoting *People v. Garrison*, 43 Ill. 2d 121, 123 (1969)).

¶ 17                                    III. CONCLUSION

¶ 18 For the foregoing reasons, we reverse and remand for further proceedings consistent with our decision set forth above.

¶ 19 Reversed and remanded with directions.