NOTICE

Decision filed 02/10/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170111-U

NO. 5-17-0111

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Alexander County. |
| | ) | |
| v. | ) | No. 15-CF-43 |
| | ) | |
| LAVAR PIERCE, | ) | Honorable |
| | ) | Mark H. Clarke, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: We vacate defendant's prior conviction for aggravated unlawful use of a weapon but otherwise affirm where defendant failed to show that the circuit court committed plain error by considering his prior conviction at a sentencing hearing in an unrelated case.

¶ 2    Following a jury trial, defendant, Lavar Pierce, was found guilty of one count of home invasion (720 ILCS 5/19-6(a)(2) (West 2014)), a Class X felony, and one count of aggravated battery (*id.* § 12-3.05(f)(1)), a Class 3 felony. Before sentencing, it was revealed that defendant had a prior conviction in Alexander County for aggravated unlawful use of a weapon (AUUW), a Class 2 felony, based on section 24-1.6(a)(2), (a)(3)(A) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.6(a)(2), (a)(3)(A) (West

1

2012))—a facially unconstitutional statutory provision—in case number 12-CF-39. After merging the two counts, the circuit court of Alexander County sentenced defendant to 29 years' imprisonment for home invasion. Defendant appeals, arguing that (1) his prior AUUW conviction is void and (2) the court improperly considered the void conviction in aggravation in imposing his sentence for home invasion. Defendant, therefore, requests this court to vacate his prior AUUW conviction and remand for a new sentencing hearing. For the following reasons, we vacate defendant's prior AUUW conviction but affirm defendant's home invasion conviction and sentence.

¶ 3                                    I. Background

¶ 4     On July 14, 2015, defendant was charged by information with one count of home invasion and one count of aggravated battery, both of which stemmed from an incident that allegedly occurred on January 5, 2015. According to the information, defendant entered Jeremy Riggs' residence in Cairo, Illinois, knowing Riggs to be present, and intentionally caused injury to Riggs by stabbing him in the hand with a knife. Defendant obtained private counsel, and the case proceeded to a jury trial on April 26, 2016. The following facts were taken from the evidence presented at the three-day trial.

¶ 5     At trial, Riggs and his fiancé, Tiffany Bennett, testified to the following details and events surrounding the January 5, 2015, incident. Riggs and Bennett were at their shared residence when two or three masked intruders forcibly entered through the front door and demanded money. When Riggs resisted their demand and reached for his pocketknife, one intruder began striking Riggs repeatedly in the head with a gun, while the other intruders wrestled the knife away from Riggs. Both Bennett and Riggs

2

identified defendant as one of the intruders because Bennett grabbed his mask and exposed defendant's face during the struggle. In addition, Riggs and Bennett lived in the same neighborhood as defendant and they had spoken with him on occasion. During the struggle, Bennett was struck in the head and fled through the rear door to seek help from a nearby relative. Riggs sustained a head laceration and his hand was nearly severed. Riggs momentarily "blacked out" and was later transported to a local hospital where he received staples in his head and underwent hand surgery.

¶ 6    After the jury found defendant guilty of both counts, he obtained new counsel and filed a motion for a new trial, alleging he received ineffective assistance of counsel. In the months that followed, defense counsel reviewed the record, along with the transcripts, and amended the motion for a new trial two times to include additional claims to support his ineffective assistance claim. The circuit court subsequently denied the motion and postponed the sentencing hearing, at defense counsel's request.

¶ 7    On October 13, 2016, the circuit court conducted defendant's sentencing hearing. Prior to sentencing, the court addressed defense counsel's motion to withdraw filed that morning. Defense counsel explained that defendant, after learning the possible sentencing range, offered to provide the other intruders' names to the State in exchange for a lesser sentence, but the State rejected his offer. Although defense counsel advised defendant that the State was not obligated to accept the offer, defendant did not understand and began harassing defense counsel with repeated phone calls. The State clarified that it had offered defendant a 25-year sentence.

¶ 8    The circuit court discussed the sentencing range with defendant and explained that the State would request 30 years, not including the period of mandatory supervised release (MSR), if defendant chose to reject the 25-year offer and proceed to sentencing. In doing so, the court noted that defendant had previously been sentenced "to the Class 2 felony of aggravated unlawful use of a weapon." Additionally, in denying defense counsel's motion to withdraw, the court found that "because [defendant] find[s] his situation unpleasant" was not a valid reason to grant counsel's motion. The court also refused to delay the sentencing hearing and reiterated that defendant's two options were to proceed to sentencing or enter a negotiated plea.

¶ 9    Following a brief discussion with defendant, the circuit court proceeded to sentencing. After advising defendant of his appeal rights, the court stated that it had reviewed the presentence investigation report (PSI). The PSI revealed that defendant had three juvenile adjudications for residential burglary, a 2008 conviction for receiving stolen property in Missouri, a 2010 conviction for unlawful use of a credit card in Illinois, and a 2011 conviction for distribution of less than five grams of marijuana in Missouri. The PSI also revealed that defendant previously received a four-year prison sentence followed by MSR after a negotiated guilty plea to AUUW in case number 12-CF-39. Neither party submitted corrections or additions to the PSI, and defense counsel did not object to the inclusion of defendant's prior AUUW conviction.

¶ 10    While neither party presented evidence at the hearing, both parties presented arguments regarding factors in aggravation and mitigation. Defense counsel argued that a long prison sentence would create a great hardship on defendant's family because

4

defendant was employable and the father of a young child. Defense counsel also pointed out that the sentence sought by the State was greater than a customary sentence for a murder conviction. Defense counsel requested that the circuit court impose concurrent six-year sentences for the home invasion and aggravated battery charges.

¶ 11    Before addressing the factors in aggravation, the State discussed defendant's criminal history. First, the State noted that defendant had a prior juvenile conviction for residential burglary, which demonstrated a pattern of defendant entering the residences of other individuals uninvited. Next, the State noted that defendant had a prior AUUW felony conviction but explained that it did not use that conviction for impeachment purposes because of the Illinois Supreme Court's decision in *People v. Aguilar*, 2013 IL 112116, which declared portions of the AUUW statute unconstitutional.

¶ 12    The State recognized that a conviction under that statute was unconstitutional but noted that our supreme court, in *People v. McFadden*, 2016 IL 117424, held that an unconstitutional prior conviction may still serve as proof of a predicate felony conviction if it had not yet been vacated. The State posited that *McFadden* stood for the proposition that a court could still consider an unconstitutional conviction for sentencing purposes if a defendant had not moved to vacate the conviction. The State claimed, however, that it may be unnecessary for the court to resolve that issue because defendant's AUUW conviction "may be of no consequence" in the court's sentencing judgment. The following exchange took place between the court and counsel:

> "MR. GOWIN [(STATE'S ATTORNEY)]: And I say that's probably inconsequential because, Your Honor, you are familiar with this case. You presided over the trial. You heard the testimony of victims and you saw the victim,

5

specifically Mr. Riggs, display his injuries to the Court and to the jury and describe what he went through, and the pain he went through, and how severely his hand was cut. He required staples in his head. He required surgery, wherein he took a tendon or a ligament out of his ankle and put it in his hand and rebuilt his hand.

And that leads me to the factors in aggravation for the statute—

MS. BURGER [(DEFENSE COUNSEL)]: Your Honor, I'm going to object to all of the foregoing that Mr. Gowin said because I believe those are all elements of the aggravated battery charge. I don't think they can be used as an enhancement.

THE COURT: I think that it is appropriate to consider the fact that there are a number of elements that are inherent in the offense, that the General Assembly has prescribed penalties for elements that are inherently in the offense, and I will make the appropriate determination. However, you may make whatever argument you think is appropriate."

¶ 13    With regard to the factors in aggravation, the State argued that defendant had a history of criminal activity, and he was on MSR when he committed the home invasion. In addition, the State noted that defendant committed the home invasion in an attempt to obtain money proceeds from illegal controlled substances sales and had attempted to conceal his identity by wearing a mask. The State clarified that it was not seeking an extended term but noted that defendant's crime "was accompanied by exceptionally brutal or heinous behavior, indicative of wanton cruelty." Given the severity of the crime and resulting injuries, the State recommended that the circuit court impose a 30-year prison sentence for the home invasion and a consecutive 5-year sentence for the aggravated battery charge.

¶ 14    Before the circuit court imposed defendant's sentence, defendant asked the court to consider his family, in particular his young son, and that he was "found guilty for

something [he] did not even commit." The court stated that it had considered all of the statutory factors in aggravation and mitigation but clarified that it had not considered the defendant's continuing claim of innocence in rendering its decision. The court also stated that it had considered "all of the facts and circumstances of [defendant's] case in the context of how the evidence unfolded at trial." In addition, the court stated the following:

> "I think that the prior criminal history is a significant factor in aggravation, and I have considered all of the facts and circumstances of this case in the context of how the evidence unfolded at trial. The history that's before this Court suggests a person who has a problem obeying Court orders."

The court noted several specific instances, including the termination of his probation in 2010, a violation of his probation in 2011, and a subsequent "sentence of four years in the Department of Corrections, with a period of mandatory supervised release to follow." The court merged the two convictions and sentenced defendant to 29 years' imprisonment for home invasion. This appeal followed.

¶ 15                                    II. Analysis

¶ 16    Defendant first argues, and the State does not dispute, that his prior AUUW conviction is void and should be vacated because that conviction is based on a statute that is unconstitutional and void *ab initio*. A void judgment is subject to challenge "at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints." (Internal quotation marks omitted.) *People v. Price*, 2016 IL 118613, ¶ 30. A judgment of conviction will be deemed void if the judgment was based on a statute that is facially unconstitutional and void *ab initio*. *Id.* ¶ 31.

7

¶ 17    Here, defendant's prior AUUW conviction, entered following a negotiated guilty plea in 2013, was based on section 24-1.6(a)(2), (a)(3)(A) of the Code, a statutory provision the Illinois Supreme Court had declared facially unconstitutional. See *People v. Mosley*, 2015 IL 115872, ¶ 61. As such, we agree that defendant's prior AUUW conviction, which was based on a facially unconstitutional statute, is void. See *Price*, 2016 IL 118613, ¶ 31. We note that a defendant may collaterally attack his constitutionally invalid conviction on appeal and, if the constitutional infirmity is put in issue on appeal, a reviewing court "has an independent duty to vacate the void judgment and may do so *sua sponte*." *In re N.G.*, 2018 IL 121939, ¶ 57. Thus, we vacate defendant's prior conviction for AUUW based on section 24-1.6(a)(2), (a)(3)(A) in case number 12-CF-39.

¶ 18    Defendant next argues that the case should be remanded for a new sentencing hearing because the circuit court improperly considered his void conviction as an aggravating factor when imposing his sentence for home invasion. However, defendant did not properly preserve this claim for review, as he failed to both contemporaneously object and file a written postsentencing motion raising the issue. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010); see also Ill. S. Ct. R. 605(a)(3)(C) (eff. Oct. 1, 2001) ("[A]ny issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived."). We reject defendant's assertion that he has not waived review of this claim because the law changed after his sentencing hearing. Defendant acknowledges that, prior to his sentencing hearing, our supreme court had declared the statute unconstitutional under which he was convicted of

8

AUUW (*Mosley*, 2015 IL 115872, ¶ 61), and clarified that a void AUUW conviction may be vacated by filing a proper pleading. *McFadden*, 2016 IL 117424, ¶¶ 20-21. Thus, defendant could have brought the issue before the court by moving to vacate his prior AUUW conviction prior to sentencing, objecting to the use of the conviction at the sentencing hearing, or including the issue in a postsentencing motion. Because defendant failed to do so, his claim is forfeited unless he establishes plain error. *Hillier*, 237 Ill. 2d at 545.

¶ 19    The plain-error rule permits a reviewing court to consider an unpreserved sentencing error when a clear or obvious error occurred and the evidence at the sentencing hearing was closely balanced or that error was so egregious it denied a defendant a fair sentencing hearing. *People v. Reed*, 2018 IL App (1st) 160609, ¶ 56. A defendant bears the burden of persuasion under the plain-error rule and, if the defendant does not meet his burden, the procedural default will be honored. *Hillier*, 237 Ill. 2d at 545.

¶ 20    In his reply brief, defendant asserts that the circuit court's consideration of his unconstitutional AUUW conviction in imposing his sentence affected his fundamental right to liberty and is reviewable under the second prong of the plain-error rule. In turn, the State argues that defendant has failed to show plain error because the court imposed a sentence that was within the statutory range and was not primarily based on his prior AUUW conviction.

¶ 21    As the State correctly notes, defendant was convicted of home invasion, which is a Class X felony with a sentencing range of 6 to 30 years' imprisonment. See 720 ILCS

5/19-6(c) (West 2014). Because his 29-year sentence falls within the statutory range, it will not be disturbed unless it is greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. See *People v. Fern*, 189 Ill. 2d 48, 54 (1999).

¶ 22    A circuit court is afforded broad discretionary powers in imposing a sentence, and a court's sentencing decision should not be disturbed on appeal unless the court abused its discretion. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). A circuit court has wide latitude in fashioning a sentence, so long as the court neither ignores relevant mitigating factors nor considers improper factors in aggravation. *People v. Flores*, 404 Ill. App. 3d 155, 157 (2010). Although there is a strong presumption that the circuit court employed proper legal reasoning in imposing its sentence and its sentencing decision is ordinarily reviewed with great deference (*People v. Dowding*, 388 Ill. App. 3d 936, 942-43 (2009)), the question of whether a court relied on an improper factor in imposing a sentence is a question of law to be reviewed *de novo*. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8.

¶ 23    In considering a circuit court's sentencing decision, a reviewing court should not focus on a few words or isolated statements made by the sentencing court but should, instead, consider the entirety of the record. *People v. Walker*, 2012 IL App (1st) 083655, ¶ 30. When confronted with a sentencing court's consideration of an improper factor, a reviewing court will remand for resentencing unless the record reveals that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence. *People v. Heider*, 231 Ill. 2d 1, 21-22 (2008). The burden is on

the defendant to affirmatively establish that the sentence was based on improper considerations. *Dowding*, 388 Ill. App. 3d at 942-43.

¶ 24    Defendant contends that the present case is factually analogous to both *People v. Fischer*, 100 Ill. App. 3d 195 (1981), and *People v. Smith*, 2016 IL App (2d) 130997, in which the First and Second District Appellate Courts remanded for resentencing based on a circuit court's improper consideration of a void conviction based on a facially unconstitutional statute in aggravation. In *Fischer*, the defendant was convicted of a marijuana offense and sentenced to a term of imprisonment under a statute that was later found unconstitutional. *Fischer*, 100 Ill. App. 3d at 199. When the defendant was later convicted of voluntary manslaughter, the circuit court relied on the defendant's prior marijuana conviction to enhance his sentence, stating that the conviction made him " 'an appropriate candidate for the penitentiary' " and was " 'sufficient' " to establish a crime was committed or " 'he wouldn't have been [in prison].' " *Id.* at 199-200. The circuit court recognized that the statute had since been declared unconstitutional but found that the constitutional infirmity had " 'nothing to do with what went before.' " *Id.* On review, the First District reversed and remanded for resentencing, holding that the circuit court abused its discretion when it relied on the marijuana conviction in imposing its sentence. *Id.*

¶ 25    In *Smith*, 2016 IL App (2d) 130997, ¶ 1, the defendant was convicted of AUUW under section 24-1.6(a)(3)(A), a statutory provision later declared facially unconstitutional. When the defendant was later convicted of armed robbery with a firearm, the circuit court relied on defendant's prior AUUW conviction when it imposed

11

a 20-year sentence. *Id.* ¶¶ 9-10. The circuit court found that the defendant's criminal history was " 'certainly a factor in aggravation' " and, in reviewing his prior offenses, stated, " '[p]robably more significantly back in '03 when he was 23 years of age is his first weapons offense, [AUUW], for which the defendant in '03 was sentenced to four years in [prison]. That is felony No. 3.' " *Id*. ¶ 9. The circuit court further noted that the defendant's prior record and the nature of the felony convictions warranted a lengthy sentence. *Id*. On review, the Second District determined that the defendant's prior AUUW conviction was constitutionally invalid and that the circuit court erred when it relied on the AUUW conviction at sentencing. *Id.* ¶¶ 25-26. After considering the circuit court's remarks at sentencing, the Second District could not conclude that the weight placed on the conviction was so insignificant that it did not affect the sentence. *Id*. ¶ 18. Thus, the Second District affirmed the defendant's armed robbery conviction but vacated his sentence and remanded the case for resentencing. *Id*. ¶ 29.

¶ 26    We find the present case distinguishable from *Fischer* and *Smith*. Here, unlike *Fischer* and *Smith*, defendant failed to preserve his claim for review and, thus, bears the burden of establishing plain error. Also, unlike *Fischer* and *Smith*, the circuit court, here, did not specifically mention defendant's prior AUUW conviction in imposing its sentence but, instead, made a brief reference to "a sentence of four years" after finding that defendant's history was suggestive of "a person who has a problem obeying Court orders." Accordingly, these cases, although instructive, are not determinative of the outcome in the instant case.

¶ 27 Here, even assuming the circuit court's remarks were sufficient to establish consideration of an improper factor, defendant has failed to show that the court's consideration of his prior AUUW conviction influenced the imposed sentence. At the outset of the sentencing hearing, the State advised the court that defendant's prior AUUW conviction was unconstitutional and provided the court with caselaw on the issue. Despite its assertion that the caselaw could be interpreted as allowing a court to consider an unconstitutional conviction for sentencing purposes, the State claimed that defendant's AUUW conviction was "probably inconsequential" in light of the trial evidence that showed the brutal nature of the home invasion and severity of Riggs' injuries. The trial evidence showed a very violent incident where defendant, along with other individuals, invaded Riggs' residence wearing masks and attacked him with weapons, inflicting serious injuries to Riggs' head and nearly severing his hand. In imposing defendant's sentence, the circuit court stated that it considered the specific facts and circumstances of the case in the context of the trial evidence. Thus, the record indicates that the court was aware defendant's prior AUUW conviction was unconstitutional and that the imposed sentence was heavily influenced by the brutal nature of the home invasion.

¶ 28 In addition, the circuit court stated that it considered all of the statutory factors in aggravation and mitigation. While the court indicated that defendant's prior criminal history was a significant factor in aggravation, the court was aware that defendant's prior AUUW conviction was unconstitutional and did not specifically mention that conviction. Defendant's adult criminal history also included offenses for distribution of not more than five grams of marijuana, unlawful use of a credit card, and receiving stolen property,

13

while his juvenile record included adjudications for three counts of residential burglary resulting in a commitment to the Department of Corrections. It appears the court only mentioned the AUUW conviction when it referenced a prior "sentence of four years" in support of its finding that defendant's history was suggestive of "a person who has a problem obeying Court orders." However, the court also identified two additional instances where defendant's probation had been terminated or violated. Thus, the record indicates that the imposed sentence was influenced by multiple offenses and probation violations and was not dependent on defendant's prior AUUW conviction.

¶ 29    After reviewing the record in its entirety, it is clear that the circuit court placed little to no weight on defendant's prior AUUW conviction in imposing his sentence. As a result, defendant failed to demonstrate a fundamental error that was so serious he was denied a fair sentencing hearing. Therefore, he has failed to establish plain error and we honor his procedural default.

¶ 30                                    III. Conclusion

¶ 31    For the foregoing reasons, we vacate the judgment of conviction previously entered in case number 12-CF-39 but affirm the conviction and sentencing judgment entered in case number 15-CF-43.


¶ 32    Affirmed in part and vacated in part.