NOTICE

Decision filed 07/23/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 220622-U

NO. 5-22-0622

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Alexander County. |
| | ) | |
| v. | ) | No. 15-CF-43 |
| | ) | |
| LAVAR PIERCE, | ) | Honorable |
| | ) | Timothy D. Denny, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the circuit court's denial of defendant's postconviction petition at the second stage of the proceedings and remand for further second-stage proceedings and for the appointment of new counsel.

¶ 2    Defendant, Lavar Pierce, appeals the Alexander County circuit court's denial of his amended postconviction petition at the second stage of the proceedings. On appeal, defendant argues that postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and provided unreasonable assistance by failing to attach necessary affidavits or evidentiary support and shape defendant's claims in the amended petition. For the following reasons, we reverse the denial and remand for further proceedings and appointment of new counsel.

1

¶ 3                                    I. Background

¶ 4      On October 13, 2016, following a jury trial, defendant was convicted of home invasion and aggravated battery causing bodily harm. The trial court sentenced defendant to 29 years' imprisonment to be followed by 3 years of mandatory supervised release. This court affirmed defendant's conviction and sentence. *People v. Pierce*, 2020 IL App (5th) 170111-U.

¶ 5      On June 24, 2021, defendant filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant argued in the petition that he was denied effective assistance of both trial and appellate counsel, that judicial bias contributed to his conviction, and that he was denied a fair trial due to a false statement made by a former police officer to get on the jury. The circuit court advanced defendant's petition to the second stage and appointed counsel to represent him.

¶ 6      On February 9, 2022, defendant's appointed postconviction counsel filed an amended postconviction petition. Postconviction counsel adopted all defendant's *pro se* claims and added an additional allegation of ineffective assistance of counsel. The State filed a response to the amended petition on February 25, 2022.

¶ 7      On September 2, 2022, following a hearing, the circuit court entered an order denying defendant's amended postconviction petition. In doing so, the court found that defendant failed to prove, by a preponderance of the evidence, that a constitutional right was violated.

¶ 8      Defendant appealed, arguing that postconviction counsel failed to file a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and that the record failed to show that counsel substantially complied with the rule. *People v. Pierce*, No. 5-22-0622 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)). The State filed a motion to supplement the record with postconviction counsel's Rule 651(c) certificate, and this court

2

denied the State's request. *Id.* This court also vacated the circuit court's order denying defendant's amended postconviction petition and remanded the cause for new second-stage proceedings. *Id.* Our supreme court subsequently denied the State's petition for leave to appeal but entered a supervisory order directing this court to vacate its judgment and allow the State to supplement the record with postconviction counsel's Rule 651(c) certificate. *People v. Pierce*, No. 130152 (Ill. Feb. 28, 2024) (supervisory order).

¶ 9                                    II. Analysis

¶ 10    Defendant argues that postconviction counsel failed to comply with Rule 651(c) and provide reasonable assistance by filing an amended postconviction petition but failing to attach necessary affidavits or evidentiary support and failing to properly shape the claims. We agree.

¶ 11    "Most postconviction petitions are drafted by *pro se* defendants, and accordingly, the threshold for a petition to survive the first stage of review is low." *People v. Allen*, 2015 IL 113135, ¶ 24 (citing *People v. Hodges*, 234 Ill. 2d 1, 9 (2009)). Where, as here, a postconviction petition advances to the second stage of postconviction proceedings, the Act provides that counsel may be appointed to assist the defendant. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27. At the second stage, "the defendant bears the burden of making a substantial showing of a constitutional violation." *Allen*, 2015 IL 113135, ¶ 21. Appointed counsel may file an amended petition on the defendant's behalf, and the State may file a motion to dismiss or an answer to the petition. 725 ILCS 5/122-5 (West 2022). If the defendant makes a substantial showing of a constitutional violation, the circuit court will advance the petition to the third stage of the proceedings for an evidentiary hearing on the claims. *Wallace*, 2018 IL App (5th) 140385, ¶ 27.

¶ 12    Because the source of a defendant's right to counsel at the second stage of postconviction proceedings is statutory rather than constitutional, "the level of assistance guaranteed is not the

3

same as the level of assistance constitutionally mandated at trial or on direct appeal." *Id.* ¶ 29. "Our supreme court has held that the level of assistance guaranteed by the Post-Conviction Hearing Act is reasonable assistance." *Id.*

¶ 13   "To provide the reasonable level of assistance guaranteed by statute, postconviction counsel must perform the three duties set forth in Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013)." *Wallace*, 2018 IL App (5th) 140385, ¶ 30. "Specifically, counsel must (1) consult with the defendant to determine the claims the defendant wants to raise, (2) examine the trial court record, and (3) make any amendments to the petition that are necessary in order to adequately present the defendant's claims to the court." *Id.* (citing *People v. Greer*, 212 Ill. 2d 192, 205 (2004)). "This does not mean postconviction counsel must file an amended petition in every case. Rather, counsel must make only those amendments that are *necessary* to adequately present the defendant's claims." (Emphasis in original.) *Id.* (citing *People v. Turner*, 187 Ill. 2d 406, 412 (1999)). "Thus, counsel might choose to stand on the defendant's *pro se* petition if it adequately sets forth the defendant's claims." *Id.* "Also, as our supreme court has held, it is not 'necessary' to amend the defendant's petition to advance claims that lack merit, and counsel is under no obligation to do so." *Id.* (citing *Greer*, 212 Ill. 2d at 205). "However, *** Rule 651(c) 'plainly requires' that postconviction counsel make any amendments that are necessary." *Id.* (citing *Turner*, 187 Ill. 2d at 412).

¶ 14   A certificate of compliance with Rule 651(c) "creates a rebuttable presumption that postconviction counsel has provided the reasonable assistance contemplated by the Act." *People v. Rivera*, 2016 IL App (1st) 132573, ¶ 36. "A defendant has the burden of overcoming that presumption by demonstrating that counsel failed to substantially comply with the duties set out in Rule 651(c)." *Id.* "The presumption that the defendant received the required representation may

4

be rebutted by the record." *Id.* "We review *de novo* the question of whether counsel provided the reasonable level of assistance required." *Wallace*, 2018 IL App (5th) 140385, ¶ 31.

¶ 15 Here, the record rebuts the presumption that postconviction counsel fulfilled his duties under Rule 651(c). Specifically, the record demonstrates that counsel failed to attach affidavits or supporting documents or explain why such documents were not attached. See 725 ILCS 5/122-2 (West 2022) (the Act requires that postconviction petitions "have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached"). Defendant attached to his *pro se* petition a notarized affidavit affirming that the allegations in his *pro se* petition were true, along with highlighted copies of relevant trial transcripts. Defendant also attached an amended motion for order of fees filed in prior cases, which included a copy of an attorney's itemized invoice. Although postconviction counsel's amended postconviction petition realleged all the claims raised in defendant's *pro se* petition and added a new claim of ineffective assistance of counsel, postconviction counsel did not attach an affidavit signed by defendant or any supporting documentation. In addition, postconviction counsel included the claim that trial counsel failed to call "the actual alibi witnesses defendant named" but did not attach an affidavit in support of this claim. Postconviction counsel also failed to explain why such documents were not attached to the postconviction petition. Moreover, postconviction counsel failed to identify by name the "alibi witnesses" who defendant claimed supported his defense.

¶ 16 In sum, the record rebuts the presumption that postconviction counsel complied with Rule 651(c) where counsel failed to allege specific facts and attach affidavits or other documents in support of defendant's claims. Postconviction counsel's failures caused defendant's claims to fail at the second stage of the proceedings. See, *e.g.*, *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 5-27 (postconviction petition was "not in an appropriate legal form to present the defendant's claims

to the [circuit] court" and rebutted the presumption of compliance with Rule 651(c) where postconviction counsel failed to allege specific facts, support those facts with documentation such as affidavits, or allege prejudice when bringing claim of ineffective assistance of counsel). Therefore, we conclude that defendant rebutted the presumption of reasonable assistance that arose from postconviction counsel's filing of a certificate of compliance with Rule 651(c).

¶ 17                                    III. Conclusion

¶ 18    For the foregoing reasons, we reverse the order of the circuit court of Alexander County that denied the amended petition, and we remand for further second-stage proceedings with new counsel.

¶ 19    Reversed and remanded with directions.