2016 IL App (3d) 130769

Opinion filed March 7, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-13-0769 |
| v. | ) ) | Circuit No. 07-CF-778 |
| MICHAEL E. HAYES, | ) ) | Honorable Stephen A. Kouri, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice O'Brien concurred in the judgment and opinion.
Justice Schmidt concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1        The defendant, Michael E. Hayes, was convicted of armed violence (720 ILCS 5/33A-2(a) (West 2006)), unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(d)(i) (West 2006)), and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2006)), and pled guilty to aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2006)).

¶ 2        The defendant appeals from the second-stage dismissal of his petition for postconviction relief and contends both the circuit court lacked authority to dismiss the petition and he was

denied reasonable assistance of postconviction counsel. We affirm in part, reverse in part, and remand for further proceedings.

¶ 3                                    FACTS

¶ 4        On December 15, 2013, the defendant filed a *pro se* petition for postconviction relief. After 90 days passed, the petition was docketed for second-stage postconviction proceedings and the circuit court appointed counsel to represent the defendant. Counsel did not amend the defendant's *pro se* petition, but did file a "Motion to Dismiss and for Leave to Withdraw." In the motion, counsel stated "[t]his attorney has reviewed the petitions and record, and researched the substantive issues raised therein; also, this attorney has communicated with [the defendant] telephonically and in writing and concluded that his petitions lack merit." Citing *People v. Greer*, 212 Ill. 2d 192 (2004), the motion asked "the Court to dismiss [the defendant's] petitions" and requested leave to withdraw as counsel.

¶ 5        Counsel filed an Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) certificate accompanying the motion to dismiss. In it, counsel certified:

> "1. I have consulted with the [defendant] telephonically and by mail in order to ascertain his contentions of deprivation of constitutional rights.
>
> 2. I have examined the record of proceedings in the trial court.
>
> 3. I have made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of the [the defendant's] contentions."

¶ 6        The State did not file a response to counsel's motion to dismiss. The State also did not file its own motion to dismiss the defendant's petition.

¶ 7        During the hearing on defense counsel's "motion to dismiss and for leave to withdraw," both the defendant and defense counsel summarized the history of the case for the court and

2

addressed the merits of some of the defendant's claims. Defense counsel explained his investigation into the relevant case law and its applicability to the claims in the defendant's petition. Defense counsel informed the court that he had concluded the defendant's petition lacked merit and requested leave to withdraw. The defendant disagreed and responded to defense counsel's arguments. The State did not express a desire to adopt defense counsel's motion. Nor did the State either assert that it agreed with defense counsel's motion or ask the court to dismiss the defendant's petition. Instead the State offered a few comments while defense counsel and the defendant were arguing the motion. The State's participation included: (1) stating "you can't prove armed violence just by possession of a weapon. You have to prove a companion felony offense"; (2) stating he could not recall the trial judge saying that the defendant admitted possessing heroin by admitting that the defendant possessed a gun; (3) stating that even if the judge made such a statement at sentencing it would not bear on what the trial judge's findings at trial were; and (4) agreeing that the issue at trial was whether the heroin belonged to the defendant.

¶ 8       After taking the motion under advisement, the court entered a written order, which states in pertinent part:

"Upon consideration of Defendant's Post-Conviction Petitions, and Defense Counsel's Motion to Dismiss and Leave to Withdraw, the Court orders as follows:

1. Defense Counsel's Motion to Dismiss and Leave to Withdraw is allowed.

2. Defendant['s] Post Conviction Petition, and amendments thereto, are dismissed."

3

¶ 9                                ANALYSIS

¶ 10       On appeal, the defendant contends the circuit court erred in dismissing his postconviction petition by relying on his counsel's motion to dismiss. The State concedes this point and requests for the cause to be remanded for further second-stage proceedings so that it can answer or move to dismiss the defendant's petition. Upon review of the record, we accept the State's concession. Our inquiry, however, does not end there. The defendant also argues that (1) defense counsel failed to provide reasonable assistance of postconviction counsel; and (2) the defendant is entitled to new counsel on remand. We take each argument in turn.

¶ 11                          I. Counsel's Performance

¶ 12       Postconviction counsel must perform specific duties in his representation as provided by Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). *Greer*, 212 Ill. 2d at 204-05. Rule 651(c) requires that postconviction counsel consult with the defendant to ascertain his contentions of the deprivation of constitutional rights, examine the record of the proceedings at trial, and make any amendments to the defendant's *pro se* petition that are necessary for an adequate presentation of his contentions. *Id*. at 205. Compliance with Rule 651(c) may be shown by the filing of a certificate representing that counsel has fulfilled his duties. *People v. Perkins*, 229 Ill. 2d 34, 50 (2007). The filing of the certificate gives rise to the presumption that the defendant received the required representation during second-stage proceedings (*People v. Mendoza*, 402 Ill. App. 3d 808, 813 (2010)); however, this presumption may be rebutted by the record (*People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007)). Because counsel in this case filed a Rule 651(c) certificate, we presume he provided the defendant with reasonable assistance of postconviction counsel.

4

¶ 13    At the outset, we emphasize that the defendant does not claim on appeal that counsel failed to adhere to the specific duties under Rule 651(c). Nor does the defendant make any specific claim that counsel's Rule 651(c) certificate is deficient in any manner. Rather, the defendant makes a general claim that counsel's performance was unreasonable for requesting the dismissal of his postconviction petition. We have already accepted the State's concession that dismissal was improper. Defense counsel's mere request for dismissal, however, does not automatically rebut the presumption that counsel provided the defendant with reasonable assistance at the second-stage proceedings. Such a determination must be made on the facts. *Greer*, 212 Ill. 2d at 211-12.

¶ 14    As the defendant acknowledges, the requirements under Rule 651(c) do not obligate counsel to advance frivolous or spurious claims (*id.* at 205), and a defendant is only entitled to a reasonable level of assistance of postconviction counsel (*Perkins*, 229 Ill. 2d at 42). Postconviction counsel may move to withdraw at the second stage if he believes that the petition is frivolous and cannot be amended to state any viable claim. *Greer*, 212 Ill. 2d at 205-12. In moving to withdraw, counsel is permitted to explain to the circuit court why he believed the defendant's petition lacked merit and could not be amended to allege meritorious claims. *Id.* at 212 (suggesting in *dicta* that it is desirable for postconviction counsel requesting leave to withdraw to elaborate to the court why counsel believed the defendant's postconviction claims to be without merit).

¶ 15    The record in this case indicates counsel filed a Rule 651(c) certificate wherein counsel represented that he fulfilled his duties in representing the defendant. After being appointed, counsel requested several continuances for the purpose of reviewing the record and researching the law applicable to the defendant's postconviction claims. At the hearing on counsel's motion

5

to dismiss, counsel explained his reasoning for requesting leave to withdraw. While explaining his reasoning, counsel summarized his investigation into the defendant's case and the relevant case law applicable to the defendant's claims. According to defense counsel, several of the claims included in the defendant's postconviction petition were previously litigated successfully by the defendant's appellate counsel. Defense counsel also explained the defendant's claim of ineffective assistance of trial counsel was without merit because the defendant could not prove prejudice because the conviction at issue was ultimately vacated on appeal. Based on this and a careful review of the record, we find defense counsel consulted with the defendant to ascertain his contentions of the deprivation of constitutional rights, examined the record of the proceedings at trial, and made *any* amendments to the defendant's *pro se* petition that are necessary for an adequate representation of his contentions. See *id.* at 204-05. Thus, defense counsel's performance was reasonable and his withdrawal was proper in light of his compliance with Rule 651(c) and the fact he believed the petition was frivolous. See *id.* at 205.

¶ 16                                    II. New Counsel

¶ 17        We now turn to the question of whether the defendant is entitled to new counsel on remand even though previous counsel performed reasonably. We emphasize that the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) does not provide for the appointment of new counsel after the first appointed defense counsel complies with Rule 651(c) and is allowed to withdraw. The Act is a creature of statute and all rights derive only from the statute. *People v. De La Paz*, 204 Ill. 2d 426, 432 (2003). Further, the defendant fails to cite any authority to support the proposition that the Act guarantees the appointment of new counsel after the circuit court allows appointed counsel's request to withdraw on the basis the defendant's

6

postconviction claims are without merit. Therefore, we hold the defendant is not entitled to new appointed counsel on remand.

¶ 18 In reaching our conclusion, we reject the defendant's reliance on *People v. Shortridge*, 2012 IL App (4th) 100663, for the proposition that he is entitled to new appointed counsel on remand. To begin with, we believe the analytical approach in *Shortridge* is incorrect in that it fails to substantively analyze appointed counsel's compliance with the duties enumerated in Rule 651(c). In addition, *Shortridge* is procedurally and factually distinct from the case at hand. There, counsel did not withdraw but, instead, refused to withdraw and confessed to the State's motion to dismiss a postconviction petition at the second stage. *Id.* ¶ 6. Counsel's refusal to withdraw prevented the defendant from responding to the arguments raised in the State's motion to dismiss. As a result, the circuit court dismissed the petition pursuant to the State's motion. *Id.* Despite counsel filing a Rule 651(c) certificate, the appellate court concluded counsel's conduct amounted to a complete failure of representation and remanded the cause and appointed new counsel to represent the defendant. *Id.* ¶¶ 16, 18.

¶ 19 By contrast, counsel in the instant case merely moved to withdraw and dismiss. Counsel then substantively explained the basis for his request to withdraw and dismiss. Unlike in *Shortridge*, the record clearly establishes that counsel's conduct did not amount to a complete failure of representation. See *id.* ¶ 16. We have remanded the matter back to the trial court so that the proper procedure announced in the Act can be followed. Specifically, on remand the State must file an answer to petition or move to have the petition dismissed. The defendant can file a *pro se* response to the State's pleading. A hearing must then be held where both the State and the defendant argue the merits of their positions.

¶ 20                                          CONCLUSION

7

¶ 21    The judgment of the circuit court of Peoria County is affirmed in part, reversed in part, and remanded for further proceedings.

¶ 22    Affirmed in part, reversed in part, and remanded for further proceedings.

¶ 23    JUSTICE SCHMIDT, concurring in part and dissenting in part.

¶ 24    I concur in the majority's finding that defendant's trial counsel was effective and that the trial court correctly found that postconviction counsel was properly allowed to withdraw based upon the trial court's finding that the petition was frivolous and patently without merit.

¶ 25    While it is not clear in the majority opinion, under *Greer*, postconviction counsel may not simply withdraw because of his or her subjective belief that a petitioner's postconviction petition is frivolous; the attorney must file a motion and convince the court that the petition is, indeed, frivolous. That is what occurred here.

¶ 26    While the State concedes that the trial court erred in dismissing the postconviction petition without a motion on file from the State, we need not accept that concession. *People v. Carter*, 2015 IL 117709, ¶ 22.

¶ 27    A trial court can dismiss a postconviction petition at the first stage if the trial court finds that the petition is frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2014). Ergo, there is no dispute that the fact that the petition is frivolous and patently without merit is a basis for dismissal of a postconviction petition. As *Greer* makes plain, the General Assembly did not account for Illinois Supreme Court Rule 137 (eff. July 1, 2013) issues in the Act. Nonetheless, the rule applies. *Greer*, 212 Ill. 2d at 209. There has already been a hearing on the issues that support the trial court's dismissal of the claim. That was done at the hearing on counsel's motion to withdraw. So, we have a finding by the trial court that the postconviction petition is frivolous and patently without merit. We affirm that finding and yet, we remand the

8

case to the trial court "so that the proper procedure announced in the Act can be followed." *Supra* ¶ 19.

¶ 28      When the State moves to dismiss on remand, just exactly what does the majority expect will happen? The State will argue that the trial court has already found that postconviction counsel could withdraw based on the finding that the petition is frivolous and patently without merit and to continue would be a violation of Illinois Supreme Court Rule 137 (eff. July 1, 2013). The State will also remind the trial court that the appellate court has affirmed that finding. That would make it the law of the case. *People v. Tenner*, 206 Ill. 2d 381, 395 (2002). Furthermore, Illinois Supreme Court Rule 137 (eff. July 1, 2013) applies not only to lawyers, but also to the parties. Defendant is likewise prohibited from taking up the court's time pursuing frivolous pleadings.

¶ 29      It makes no sense to me to remand a case for further proceedings once we affirm the trial court's second-stage finding that the petition is frivolous and patently without merit. It is beyond me how any reasonable person can believe that a rational reading of the Act means that while a trial court can dismiss a postconviction petition *sua sponte* at the first stage based on a finding that the petition is frivolous and patently without merit, it cannot dismiss on the same basis at the second stage on these facts: (1) court-appointed counsel reviews the record and confers with defendant; (2) court-appointed counsel concludes that the petition is frivolous and cannot be amended to cure that, therefore counsel moves to withdraw pursuant to Rule 137; (3) counsel gives defendant notice of the motion and hearing; (4) the court holds a hearing at which defendant is present and has an opportunity to rebut counsel's allegation and evidence; and (5) the court makes a finding that counsel may withdraw as the petition is frivolous. See also *People v. Jackson*, 2015 IL App (3d) 130575, ¶¶ 28-38 (Schmidt, J., dissenting). Now, let us add

9

another layer.  Defendant appeals and the appellate court affirms the trial court's order allowing counsel's motion to withdraw.  Further, the appellate court concludes that defendant is not entitled to new counsel on remand because the trial court correctly found that the postconviction petition lacks any merit.  Then, the appellate court reverses the trial court's dismissal of the postconviction petition and remands for defendant to do exactly what Rule 137 prevents him from doing: pursue a frivolous claim.