2021 IL App (3d) 190082

Opinion filed December 30, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-19-0082 |
| v. | ) ) | Circuit No. 11-CF-1081 |
| DEMARIUS LACARL WILLIAMS, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice O'Brien and Presiding Justice McDade concurred in the judgment, and opinion.
Presiding Justice McDade also specially concurred, with opinion.

_____

**OPINION**

¶ 1        Defendant, Demarius Lacarl Williams, appeals the dismissal of his postconviction petition

at the second stage of postconviction proceedings. Defendant argues that the Peoria County circuit

court violated his right to procedural due process by improperly conducting a simultaneous hearing

on postconviction counsel's motion to withdraw and the State's motion to dismiss the petition and

by failing to provide him with a meaningful opportunity to be heard in response to the State's

motion to dismiss. We affirm.

¶ 2                                I. BACKGROUND

¶ 3 Defendant was charged with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2010)) and unlawful possession of a controlled substance (*id.* § 402(c)). Defendant filed a motion to suppress evidence on the basis that officers stopped, searched, and arrested him in violation of his fourth amendment rights. The court denied the motion.

¶ 4 The matter proceeded to a stipulated bench trial. The court found defendant guilty of unlawful possession of a controlled substance with intent to deliver, and the charge of unlawful possession of a controlled substance was dismissed on the State's motion. The court sentenced defendant to 10 years' imprisonment.

¶ 5 On direct appeal, this court vacated a DNA fee that had been assessed but otherwise affirmed the judgment of the circuit court. *People v. Williams*, 2015 IL App (3d) 140850-U, ¶¶ 18-20.

¶ 6 Defendant filed a postconviction petition as a self-represented litigant. In the petition, defendant claimed that: (1) his right to due process was violated where the sentencing court improperly considered pending cases that had not resulted in convictions in imposing its sentence; (2) his fourth amendment rights were violated in that he was unlawfully seized, searched, and arrested without probable cause or a warrant; (3) his trial counsel provided ineffective assistance in failing to preserve the sentencing issue; and (4) appellate counsel was ineffective for failing to argue that defendant's fourth amendment rights were violated and that plain error occurred due to the alleged sentencing error.

¶ 7 The court advanced the petition to the second stage of postconviction proceedings and appointed counsel to represent defendant.

¶ 8 Postconviction counsel filed a motion to withdraw setting forth the reasons he found each argument set forth in the *pro se* postconviction petition to be meritless.

¶ 9 Defendant, as a self-represented litigant, filed a reply to the motion to withdraw, which set forth the reasons why he disagreed with postconviction counsel's assessment of the merits of his claims.

¶ 10 Postconviction counsel filed a reply to defendant's response. Counsel asserted that defendant's sentencing claim was not cognizable in a postconviction petition and that the circuit court did not err in considering evidence of other criminal conduct at sentencing. Counsel argued that, because this issue was meritless, trial counsel was not ineffective for failing to preserve it and appellate counsel was not ineffective for failing to raise it on appeal.

¶ 11 On November 30, 2018, the court set the matter for a hearing on February 8, 2019, where it would consider postconviction counsel's motion to withdraw and the State's anticipated motion to dismiss.

¶ 12 On January 29, 2019, the State filed a motion to dismiss defendant's *pro se* postconviction petition. The State argued that the petition was untimely. The State also argued that defendant's sentencing claim was meritless because it was proper for the circuit court to consider evidence of other crimes or misconduct at sentencing, and the claim did not present a constitutional issue that could serve as a basis for postconviction relief. The State argued that trial counsel was not ineffective for failing to preserve this issue and appellate counsel was not ineffective for failing to raise it because the issue was meritless. The State also argued that defendant's fourth amendment claim was meritless because the stop, arrest, and search of defendant was supported by probable cause. The State further argued that appellate counsel was not ineffective for failing to raise the fourth amendment issue because it lacked merit.

¶ 13        On February 8, 2019, a hearing was held on both postconviction counsel's motion to withdraw and the State's motion to dismiss. The court first heard arguments on the motion to withdraw. Postconviction counsel extensively set forth his arguments as to why defendant's claims in the *pro se* petition were frivolous and patently without merit. Defendant stated that he stood by the issues he raised in his petition and in his reply to the motion to withdraw. Defendant said: "I stated a claim and I'm pretty—there's issues that could at least be amended. And I know it's not worded correctly and maybe there was another constitutional violation." Defendant stated that he took a stipulated bench trial under the impression that he would be able to appeal the ruling on the motion to suppress, but he was never given that opportunity.

¶ 14        Before issuing a ruling on a motion to withdraw, the court heard arguments on the State's motion to dismiss. The State argued that the petition was untimely because it was filed two months beyond the statutory time limit. The State further argued that none of the claims raised in the petition were meritorious. The court asked defendant if he had a response. Defendant explained that he had been working on a postconviction petition in another case and was able to begin working on this postconviction petition after his petition in his other case was denied. Defendant said that he had not had a chance to review the State's motion to dismiss. Defendant said: "I wanted to get the *** issue with my attorney first, and I was going to ask for an extension of time to reply to the State's motion to dismiss, give or take what happened with this motion to withdraw as counsel."

¶ 15        The court stated: "With regard to [defendant's] request for more time to respond to the motion to dismiss, it would have given me more of the same." The court noted that many of the State's arguments were the same as postconviction counsel's arguments in the motion to withdraw.

4

The court noted that the timeliness argument was new and that it had heard defendant's response to it. The court simultaneously granted the motion for leave to withdraw and the motion to dismiss.

¶ 16                                    II. ANALYSIS

¶ 17        Defendant argues that the circuit court deprived him of his right to procedural due process by improperly conducting a simultaneous hearing on postconviction counsel's motion to withdraw and the State's motion to dismiss and by failing to provide him with a meaningful opportunity to be heard in response to the State's motion. We find that the procedure employed by the circuit court in this case was erroneous, but the error was harmless beyond a reasonable doubt.

¶ 18        Under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)), imprisoned defendants may assert claims that their convictions were the result of a substantial denial of their constitutional rights. *People v. Tate*, 2012 IL 112214, ¶ 8. At the first stage of postconviction proceedings, the circuit court must independently review the postconviction petition and shall dismiss it if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). If the petition is not summarily dismissed at the first stage, it advances to the second stage of postconviction proceedings.

¶ 19        At the second stage, counsel may be appointed to assist an indigent defendant. *Tate*, 2012 IL 112214, ¶ 10. Postconviction counsel must consult with the defendant to ascertain his contentions of deprivation of constitutional rights, examine the record of the proceedings and the trial, and make any amendments to the *pro se* petition that are necessary to adequately present the defendant's contentions. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007); Ill. S. Ct. R. 651(c) (eff. July 1, 2017). If, in the course of fulfilling these responsibilities, postconviction counsel discovers something that would ethically prevent him or her from presenting the defendant's claims, counsel may move to withdraw. *People v. Kuehner*, 2015 IL 117695, ¶ 21. Appointed counsel bears the

5

burden of demonstrating, with respect to each of the defendant's *pro se* claims, why the petition is frivolous or patently without merit. *Id.* If the circuit court grants a motion to withdraw filed by postconviction counsel, the court may allow the defendant to proceed as a self-represented litigant. *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 15.

¶ 20 Also, at the second stage, the State may file a motion to dismiss or an answer to the petition. *People v. Domagala*, 2013 IL 113688, ¶ 33. The court must determine whether the petition and accompanying documentation make a substantial showing of a constitutional violation. *People v. Johnson*, 2018 IL 122227, ¶ 15. If the petition makes the required showing, it is advanced for a third-stage evidentiary hearing. *Id.*

¶ 21 A defendant has a right to procedural due process in postconviction proceedings. *People v. Kitchen*, 189 Ill. 2d 424, 434-35 (1999). This right "entitles an individual to 'the opportunity to be heard at a meaningful time and in a meaningful manner.' " *People v. Stoecker*, 2020 IL 124807, ¶ 17 (quoting *In re D.W.*, 214 Ill. 2d 289, 316 (2005)). "The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections." *People v. Cardona*, 2013 IL 114076, ¶ 15. " 'Due process is a flexible concept,' and thus, not all circumstances call for the same type of procedure." *Stoecker*, 2020 IL 124807, ¶ 17 (quoting *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201 (2009)).

¶ 22 In the instant case, the procedure employed by the circuit court deprived defendant of his right to procedural due process because it did not provide him with a meaningful opportunity to be heard in response to the State's motion to dismiss. The State filed its motion to dismiss approximately 10 days before the hearing, and defendant indicated that he had not been able to adequately review the motion. Moreover, the procedure employed by the circuit court put defendant in the precarious position of not knowing at the outset of the hearing whether he would

6

be required to represent himself in response to the State's motion to dismiss. It would have been procedurally improper for defendant to respond to the State's motion as a litigant before his counsel was permitted to withdraw, as a defendant represented by counsel generally has no authority to file *pro se* motions. See *People v. Serio*, 357 Ill. App. 3d 806, 815 (2005).

¶ 23 The proper procedure would have been to first rule on postconviction counsel's motion to withdraw. If the court granted the motion to withdraw, it should have then allowed defendant to respond to the State's motion to dismiss as a self-represented litigant after giving defendant adequate notice and time to prepare. See *People v. Hayes*, 2016 IL App (3d) 130769, ¶ 19.

¶ 24 Having found that the procedure employed by the court deprived defendant of his right to procedural due process, we consider the State's argument that it amounted to harmless error. "[T]he protection of a defendant's right to procedural due process in post-conviction proceedings is of critical importance." *Kitchen*, 189 Ill. 2d at 435. However, there is "a strong presumption that most errors of constitutional dimension are subject to harmless error analysis." *Stoecker*, 2020 IL 124807, ¶ 23.

¶ 25 Our supreme court recently held that the erroneous dismissal of a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) during an *ex parte* hearing was subject to harmless error analysis rather than automatic reversal. *Stoecker*, 2020 IL 124807, ¶ 23. The court found that the error was serious, but it did not "render the proceedings automatically unfair or unreliable." *Id.* ¶ 25. Similar to *Stoecker*, the procedural error in this case involved a lack of a reasonable opportunity to respond to a dispositive motion in a collateral proceeding. See *id.* As in *Stoecker*, while this error was serious, it is subject to harmless error analysis.

¶ 26    In the instant case, the erroneous procedure employed by the circuit court was harmless beyond a reasonable doubt. Both postconviction counsel's motion to withdraw and the State's motion to dismiss attacked the merit of defendant's postconviction petition and raised the same or similar arguments. In granting the motion to withdraw, the court necessarily found the claims raised in the *pro se* petition to be meritless. Notably, defendant does not argue that he was denied procedural due process concerning the motion to withdraw, that the motion to withdraw was improperly granted, or that any of the claims raised in his *pro se* postconviction petition were meritorious. As in *Stoecker*, "[r]eversal and remand would serve no purpose and would merely delay the dismissal of the meritless petition." *Id.* ¶ 33.

¶ 27    In reaching our conclusion, we acknowledge that defendant cites authority in which courts have remanded for further proceedings based on procedural errors in postconviction proceedings. See *Kitchen*, 189 Ill. 2d at 434-35; *People v. Al Momani*, 2016 IL App (4th) 150192, ¶ 13. However, it is unclear whether harmless error arguments were made in these cases, as the courts did not conduct harmless error analysis or discuss its potential applicability. See *Kitchen*, 189 Ill. 2d at 434-35; *Al Momani*, 2016 IL App (4th) 150192, ¶ 13.

¶ 28                                III. CONCLUSION

¶ 29    The judgment of the circuit court of Peoria County is affirmed.

¶ 30    Affirmed.

¶ 31    PRESIDING JUSTICE McDADE specially concurring:

¶ 32    Defendant was deprived of his right to procedural due process in this case. However, I agree with the majority's conclusion that, under *Stoecker*, that error is subject to harmless error analysis. See *People v. Stoecker*, 2020 IL 124807, ¶ 23. Because the allegations contained in defendant's postconviction petition were without merit, *Stoecker* requires us to affirm the trial

8

court's dismissal of defendant's petition. I therefore concur in the result reached by the majority. I write further to express my opinion that *Stoecker* was wrongly decided. The deprivation of due process in this case, like that in *Stoecker*, was a structural error requiring automatic reversal.

¶ 33    A structural error is a "systemic error which serves to 'erode the integrity of the judicial process and undermine the fairness of [the proceedings].' " *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009) (quoting *People v. Herron*, 215 Ill. 2d 167, 186 (2005)). Structural errors require automatic reversal. *Glasper*, 234 Ill. 2d at 197. The United States Supreme Court has explained that errors are structural where their harm is unquantifiable or where they "always result[] in fundamental unfairness." *Weaver v. Massachusetts*, 582 U.S. ___, ___, 137 S. Ct. 1899, 1908 (2017). It further distinguished between an ordinary trial error and "a structural error, which 'affect[s] the framework within which the trial proceeds,' and, defies harmless error analysis." *Id.* at ___, 137 S. Ct. at 1903.

¶ 34    In *Stoecker*, the trial court dismissed the defendant's 2-1401 petition four days after the State filed a motion to dismiss. *Stoecker*, 2020 IL 124807, ¶ 10. Worse yet, neither the defendant nor his attorney was even made aware of the proceeding at which the petition was ultimately dismissed, and thus were not present. *Id.* The *Stoecker* court found that the trial court's conduct had deprived the defendant of due process, but that the deprivation was not structural error because it did not "necessarily render the proceedings unfair or unreliable." *Id.* ¶ 25. Finding the contentions in the underlying petition to be meritless, the court concluded that "[r]eversal and remand would serve no purpose and would merely delay the dismissal of the meritless petition." *Id.* ¶ 33.

¶ 35    "[S]ince the essence of due process is 'fundamental fairness,' due process essentially requires 'fairness, integrity, and honor in the operation of the criminal justice system, and in its

9

treatment of the citizen's cardinal constitutional protections.' " *People v. Stapinski*, 2015 IL 118278, ¶ 51 (quoting *People v. McCauley*, 163 Ill. 2d 414, 441 (1994)). "The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections." *People v. Cardona*, 2013 IL 114076, ¶ 15.

¶ 36    Defendant in the instant case, like the defendant in *Stoecker*, was wholly deprived of due process. Not only was he given a mere 10 days' notice of the State's motion to dismiss, but, as the majority points out, he was procedurally *barred* from responding to the motion because he was represented by counsel. After counsel's withdrawal, defendant was forced to immediately proceed to his objection to the State's motion.

¶ 37    If the very nature of due process is to ensure fundamental fairness, then the complete deprivation of that right surely undermines the fairness of the proceedings, such that it must be considered a structural error. See *Glasper*, 234 Ill. 2d at 197-98. Forcing a defendant to proceed on a dispositive motion by the State without sufficient notice and without meaningful opportunity to object is *always* fundamentally unfair. See *Weaver*, 582 U.S. at ___, 137 S. Ct. at 1908.

¶ 38    I would suggest that a single such deprivation erodes the integrity of the judicial process. See *Glasper*, 234 Ill. 2d at 197-98. Continuing deprivations of this kind in the trial court—a result essentially authorized by the decision in *Stoecker*—unquestionably erodes the integrity of the judicial process. The *Stoecker* court was incorrect when it stated that remand in that case "would serve no purpose." *Stoecker*, 2020 IL 124807, ¶ 33. Remand in these cases would underscore the importance of a defendant's right to due process and emphasize the gravity of a deprivation of that right. In turn, that result would serve to *preserve* the integrity of the judicial process by ensuring that fewer defendants are deprived of due process.

¶ 39    The error in this case, like the error in *Stoecker*, was a structural error, requiring automatic reversal. However, as our supreme court has decided otherwise, I agree that affirming on harmless error grounds is the appropriate conclusion based on the current state of the law.