2025 IL App (1st) 231558-U

SECOND DIVISION
March 26, 2025

No. 1-23-1558

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 14 CR 02893; 14 CR 02894 |
| ARTHUR CHAMBERS, | ) ) | Honorable Tyria Walton, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*: We affirm the circuit court's ruling dismissing the postconviction petition on grounds of untimeliness. We reject defendant's claim of unreasonable assistance of postconviction counsel: although postconviction counsel did not initially amend the postconviction petition to allege the untimely filing of the petition was not due to defendant's culpable negligence, postconviction counsel subsequently amended the petition to attach defendant's affidavit explaining the reasons for the late filing after the State filed a motion to dismiss; therefore postconviction counsel rendered reasonable assistance.

¶ 2    Defendant Arthur Chambers appeals following the circuit court's dismissal of his postconviction petition at the second stage. Defendant argues on appeal that he was not provided with the requisite level of assistance from his appointed postconviction counsel because counsel did not amend his petition to adequately present his claims. We conclude that defendant has

failed to meet his burden to overcome the presumption that he received reasonable assistance from his postconviction counsel where counsel raised all of the necessary issues on defendant's behalf and there is no indication any other information entitling defendant to relief might exist. Accordingly, we affirm the dismissal of defendant's postconviction petition.

¶ 3                                    BACKGROUND

¶ 4      Defendant was charged in separate cases with aggravated criminal sexual abuse and predatory criminal sexual abuse for incidents that occurred in March 2013. During the pretrial period, there were questions about whether defendant was fit to stand trial. The circuit court ordered a fitness evaluation. Pursuant to the circuit court's order, defendant was assessed by Dr. Fidel Echevarria, a psychiatrist from Forensic Clinical Services. Dr. Echevarria concluded that defendant was fit to stand trial, with medication. Dr. Echevarria recounted in his report the five drugs that were being administered to defendant at the time of the evaluation, including mood stabilizing medication, anti-psychotic medication, and anti-depressants. According to Dr. Echevarria, defendant reported he does not experience any side effects from his medication.

¶ 5      Several months after the fitness evaluation, in 2014, defendant pled guilty in both cases in a negotiated plea deal. The factual basis in both cases was recited to the circuit court in a conference under Illinois Supreme Court Rule 402. The circuit court found the factual basis to be sufficient, and defendant received an aggregate 26-year prison sentence followed by mandatory supervised release.

¶ 6      Six years after pleading guilty, defendant filed a *pro se* postconviction petition. In his petition, defendant alleged that he found out that the State actually had no evidence against him for aggravated criminal sexual abuse. Defendant claimed that his trial counsel never informed him of the lack of evidence against him and did not undertake an investigation of his case.

Defendant also alleges that his trial counsel improperly allowed the State to add a second case against him during sentencing. Defendant claims he only agreed to plead guilty in return for a sentence of 20 years in prison, not 26 years, as was the plea entered by counsel on his behalf. Finally, defendant alleges that he should have been read his *Miranda* rights in the second case if he was being charged with a new crime.

¶ 7    Defendant filed his *pro se* postconviction petition in 2020 during the Covid-19 pandemic, and his petition was advanced to the second stage because no action was taken on the petition within the 90-day statutory period. See 725 ILCS 5/122-2.1(a) (West 2022) (the circuit court is required to examine and enter an order on each postconviction petition within 90 days or the petition is advanced to the second stage). Counsel was appointed to represent defendant in the prosecution of his second-stage postconviction proceedings.

¶ 8    Appointed postconviction counsel filed a certificate under Illinois Supreme Court Rule 651(c) certifying that she consulted with defendant, reviewed the relevant records, and investigated defendant's claims. Counsel did not initially make any amendments to defendant's *pro se* postconviction petition, concluding that "[she did] not believe any amendments [were] necessary for an adequate presentation of [defendant's] contentions."

¶ 9    Subsequently, the State filed a motion to dismiss defendant's petition at the second stage. In its motion to dismiss, the State argued: that defendant's petition was untimely, defendant failed to attach the required supporting evidence, and defendant could not prevail on a claim for ineffective assistance of trial counsel where defendant had conceded his guilt when pleading guilty.

¶ 10    Postconviction counsel filed a response to the motion to dismiss. Postconviction counsel amended the petition by attaching a verification affidavit and an affidavit attempting to explain

the petition's untimeliness. Counsel argued that the untimely filing was due to defendant's mental health diagnosis and treatment, lack of education, lack of resources to retain counsel, and lack of access to the prison law library. Defendant's affidavit attested to the reasons for his untimely filing, including alleging that the side effects of his mental health medications made it difficult for him to complete his petition in a timely manner. At the hearing on the State's motion to dismiss, defendant's postconviction counsel argued that the explanations in defendant's affidavit demonstrated that he was not culpably negligent for filing his petition beyond the statutory time limit.

¶ 11    The circuit court granted the State's motion to dismiss defendant's postconviction petition at the second stage. In announcing its ruling, the circuit court stated that the timeliness issue was dispositive.

> "Timeliness is a true and genuine issue here because any appeal or issue should have been raised by Mr. Chambers whether *pro se* or by someone else of legal counsel on or before 2017, and he didn't file an appeal until 2020. So I do believe it is untimely."

The trial court found that defendant was responsible for the delay, therefore, his petition was subject to dismissal.

> "And as far as the delay, the delay is definitely on the State [sic]. I do think that the delay is on Mr. Chambers. I have -- the file does not reflect that he had a mental health issue prior to his plea, and I haven't heard of it. I don't know when his diagnosis was with respect to the filing date. It's not part of the record."

The trial court granted the State's motion and dismissed defendant's petition.

¶ 12    On appeal, defendant argues that his postconviction counsel failed to provide him with reasonable assistance when she decided that defendant's *pro se* petition did not require any amendments to allege the necessary facts to overcome the untimely filing of defendant's *pro se* petition. Defendant claims postconviction counsel failed to adequately explain the late filing was due to the side effects of his psychotropic medications and limited access to the law library.

¶ 13                                    ANALYSIS

¶ 14    Defendant argues that he did not receive adequate representation from his appointed postconviction counsel. He argues that we should reverse the dismissal of his postconviction petition and remand the case for further second-stage postconviction proceedings where he can receive the level of representation afforded to him by the Post-Conviction Hearing Act and the Supreme Court Rules.

¶ 15    The Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq.*) provides a process by which a criminal defendant may challenge his conviction or sentence by filing a petition for relief in the circuit court. 725 ILCS 5/122-1 (West 2022). The Act provides for a three-stage process for adjudicating postconviction petitions. *People v. Harris,* 224 Ill. 2d 115, 125 (2007). At the first stage, the court independently assesses the merits of the petition. 725 ILCS 5/122–2.1 (West 2022). At the second stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act. *People v. Sanders*, 2016 IL 118123, ¶ 31. The circuit court's dismissal of a postconviction

petition at the second stage is reviewed *de novo. People v. Rivera*, 2016 IL App (1st) 132573, ¶ 19.

¶ 16    Defendant's argument on appeal is that he received inadequate representation from postconviction counsel. The Post-Conviction Hearing Act is a statutory creation, not a constitutional one. *People v. Bailey*, 2017 IL 121450, ¶ 17. Our supreme court has explained that, "[i]n a postconviction proceeding, there is no constitutional right to the assistance of counsel" and, instead, therefore, "the right to counsel is a matter of 'legislative grace' " in a postconviction proceeding. *People v. Addison*, 2023 IL 127119, ¶ 19. As such, a postconviction petitioner is entitled only to the level of assistance required by the Post-Conviction Hearing Act, and the claims are not adjudicated under the standards applicable to Sixth Amendment ineffective assistance of counsel claims. *People v. Custer*, 2019 IL 123339, ¶ 30.

¶ 17    The Post-Conviction Hearing Act provides that, if no direct appeal of a conviction is filed, a postconviction petition must be filed within three years from the date of conviction. 725 ILCS 5/122-1(c) (West 2022). In this case, defendant did not file a direct appeal. Therefore, the statute required his postconviction petition to be filed within 3 years of his 2014 conviction, or in 2017. Defendant's petition was not filed until 2020. To avoid this statutory time bar the State must waive the time limitation or the petitioner must demonstrate that the delay in filing was not due to petitioner's own culpable negligence. *Id*.; *People v. Perkins*, 229 Ill. 2d 34, 43 (2007). Defendant did not include any allegations in his initial *pro se* petition to address the late filing.

¶ 18    Under the Post-Conviction Hearing Act, a petitioner is entitled to a "reasonable level of assistance" from counsel. *Id.* The "reasonable level of assistance" afforded to petitioners under the Act is less than that afforded by the federal and state constitutions. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). The reasonable assistance standard is governed by section 122-4 of the

Code of Criminal Procedure and Illinois Supreme Court Rule 651. *People v. Owens*, 139 Ill. 2d 351, 359 (1990).

¶ 19    Postconviction counsel's duties to a petitioner are set forth in Supreme Court Rule 651. Under Rule 651, the postconviction attorney is required to: (1) consult with the petitioner to ascertain his or her contentions of deprivations of constitutional rights, (2) examine the record of the proceedings at the trial, and (3) make any amendments to the *pro se* petition that are necessary for an adequate presentation of the petitioner's contentions. Ill. S. Ct. R. 651(c) (West 2022) (eff. July 1, 2017). When it drafted the Post-Conviction Hearing Act, the General Assembly anticipated that most petitions filed under the Act would be filed by *pro se* prisoners who lacked the assistance of counsel. *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 33 (citing *People v. Johnson*, 154 Ill. 2d 227, 237 (1993)). Thus, the Act obligates second-stage postconviction counsel to ensure that a petitioner's claims are adequately presented, with counsel ascertaining the basis of the claims, shaping the claims into an appropriate legal form, and presenting the petitioner's contentions to the court. *Id.* Whether postconviction counsel has complied with Rule 651(c) and provided reasonable assistance are questions we review *de novo. Perkins*, 229 Ill. 2d at 41; *People v. Turner*, 2023 IL App (1st) 191503, ¶ 22.

¶ 20    When postconviction counsel files a certificate under Rule 651(c), a rebuttable presumption arises that the petitioner received the level of representation Rule 651 requires. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. To overcome this presumption, the petitioner must demonstrate that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. We review *de novo* whether postconviction counsel substantially complied with Rule 651(c). *People v. Collins*, 2021 IL App (1st) 170597, ¶ 31.

¶ 21    Counsel in this case filed a 651(c) certificate. It was only after the certificate was filed that the State filed a motion to dismiss on grounds of untimeliness. The State argued in its motion to dismiss that defendant's claims were untimely. The State further pointed out that defendant "has provided no explanation whatsoever for why this delay in filing was not due to his own culpable negligence."

¶ 22    Postconviction counsel filed a response to the State's motion explaining that defendant's delay in filing was not due to his own negligence. Postconviction counsel also amended the petition by attaching defendant's affidavit. Defendant avers in his affidavit that the side effects from the different medications he is prescribed made it difficult for him to complete his petition earlier. Defendant also avers that his lack of access to the law library on a consistent basis prevented him from filing his petition on time.

¶ 23    As set forth above, to comply with Supreme Court Rule 651, postconviction counsel is required to: (1) consult with the petitioner to ascertain his or her contentions of deprivations of constitutional rights, (2) examine the record of the proceedings at the trial, and (3) make any amendments to the *pro se* petition that are necessary for an adequate presentation of the petitioner's contentions. Ill. S. Ct. R. 651(c) (West 2020) (eff. July 1, 2017). Here, as to the first requirement, postconviction counsel informed the court that she "had contact with [defendant] multiple times, um, it took me a bit of time to kind of lay out the issues for him to be certain that he wanted to proceed on this case *** [and defendant] does, in fact, wish to proceed." Defendant does not contest that counsel met this requirement.

¶ 24    As to the second requirement, the record demonstrates that postconviction counsel examined the record of the proceedings. Counsel requested some continuances after being appointed in this case in order to review the record, and then she appeared in court to inform the

judge that she had completed her review of the record. Counsel also filed a response to the State's motion to dismiss in which she recounted the procedural history of the case, and the statements and arguments counsel made at the hearing on the State's motion to dismiss reflect a familiarity with the record.

¶ 25    Thus, this appeal hinges on the third requirement under Rule 651(c)—whether counsel made the amendments necessary to adequately present defendant's contentions. Counsel did not initially make any amendments to defendant's petition when she was appointed. Counsel filed a certificate under Rule 651(c) asserting her belief that no amendments were necessary. The State then filed a motion to dismiss raising the timeliness issue. Counsel filed a response to the motion to dismiss that included allegations to explain the late filing and attached defendant's affidavit to supplement the postconviction petition and counter the State's arguments.

¶ 26    Counsel argued on behalf of defendant that his "mental health treatment and medication protocol along with his lack of knowledge of the law prevented him from completing and filing [his petition]." Counsel further argued on defendant's behalf in the response that defendant's mental health conditions, medications, and the side effects of those medications made it difficult for defendant to complete his petition in a timely manner, and that defendant's inability to hire counsel and his ignorance of the law contributed to his inability to file a timely petition.

¶ 27    In his affidavit, defendant averred that the "untimeliness of my Petition for Post-Conviction Relief [was] due to the following: A. my mental health diagnosis and treatment; B. my lack of education and knowledge of the law; C. my lack of financial ability to hire legal counsel; and D. my lack of access to the law library on a consistent basis." Defendant's affidavit included the specific medications defendant was taking, and he averred that those medications and their side effects "made it difficult for me to complete my Petition for Post-Conviction

Relief in a timely manner." Defendant's postconviction petition was nonetheless dismissed, and he argues that counsel failed to allege necessary and specific facts to overcome his untimely filing.

¶ 28    Defendant focuses on two specific claims and argues that counsel was required to have elaborated on those claims to have provided reasonable assistance: lack of access to the law library and the effect of his medication. Defendant argues that, while counsel raised the issue of his lack of access to the law library, counsel failed to specifically outline why he could not access the law library. Defendant also argues that, while counsel raised the issue of the side effects of his medication, counsel failed to specifically describe how his medications impaired his ability to file the postconviction petition. Defendant claims that postconviction counsel's "failure to adequately amend [his] petition constitutes unreasonable assistance."

¶ 29                                Library Access

¶ 30    Beginning with the law library issue, defendant argues that "[a] claim that the petitioner cannot access the law library can show the petitioner was not culpably negligent for a delayed filing" (citing *People v. Upshaw*, 2017 IL App (1st) 151405, ¶ 27). In *Upshaw*, the court determined that an untimely filing was not due to the petitioner's culpable negligence where his library access was restricted. *Id*. *Upshaw* can be distinguished. In *Upshaw*, the state moved to dismiss a postconviction petition because it was not timely filed. *Id*. at ¶ 13. Upshaw attached his affidavit to the response to the State's motion to dismiss. *Id*. The affidavit stated his unit was on lockdown for 179 days which prevented his access to the library and prison employees lost his trial transcripts. *Id*. As distinguished from this case, the petitioner in *Upshaw* was able to allege specific facts that prevented a timely filing. Here, defendant made the attestation that he lacked access to the law library without any evidentiary support or allegations of fact to support his

statement. Because counsel did not include any such specific allegations of fact, defendant argues that the court was left to speculate and his claim was doomed to fail. Defendant argues that postconviction counsel should have known that this claim, without additional supporting facts, was insufficient to overcome the timeliness issue and therefore counsel provided unreasonable assistance for not providing the supporting facts.

¶ 31    However, nowhere in the record or in his submissions on appeal, even after being challenged by the State, is there any indication that any facts exist to support defendant's claim that there was a lockdown or other restriction on defendant's access to the law library except his own statement. Defendant faults counsel for not including facts to substantiate his claim that he lacked sufficient access to the law library during the period from 2014-2017 when the petition was due. Defendant has not demonstrated or even alleged that such facts exist. "[A] defendant cannot rely on speculation or conjecture to justify his claim of incompetent representation." *People v. Deleon*, 227 Ill. 2d 322, 337 (2008) (quoting *People v. Pecoraro,* 175 Ill. 2d 294, 324 (1997)).

¶ 32    Postconviction counsel certified that she spoke to defendant multiple times about his petition and there is no suggestion on the face of the petition or elsewhere in the record to explain the delay. Without any basis to find that some supporting allegations might exist to substantiate defendant's claim, we must presume that the information does not exist. As our supreme court observed in another case that is equally true here, "[t]here is nothing in the record to indicate that petitioner had any other excuse showing the delay in filing was not due to his culpable negligence." *Perkins*, 229 Ill. 2d at 51. "We cannot assume there was some other excuse counsel failed to raise for the delay in filing." *Id*.

¶ 33                                  Side Effects Of Medication

¶ 34    Moving on to the medication issue, defendant argues that the side effects of his mental health medications made it difficult for him to complete his petition in a timely fashion. Here, defendant filed an affidavit stating the side effects from his mental health medications impeded his filing without any allegations of fact to support his statement. Defendant argues that because counsel did not include any such specific allegations of fact, the court was left to speculate and his claim was doomed to fail. Defendant argues that postconviction counsel should have known that this claim, without additional supporting facts, was insufficient to overcome the timeliness issue and therefore counsel provided unreasonable assistance for not providing the supporting facts.

¶ 35    Defendant suggests that "[c]ounsel should have asked [him] to elaborate on the side effects and include them in the affidavit." The record demonstrates that counsel spoke to defendant multiple times. She prepared a response to the motion to dismiss almost exclusively on the issue of timeliness arguing this medication issue, she assisted defendant with preparing and submitting an affidavit on the issue, and then she argued against the timeliness bar at a hearing. We presume counsel knows the law and, absent any indication to the contrary, we must presume she would have included such facts if they existed and would have entitled defendant to relief. See *Perkins*, 229 Ill. 2d at 51; *People v. Huff*, 2024 IL 128492, ¶¶ 23-24. There is no basis to find that supporting allegations might exist to substantiate defendant's claim, and because of its total absence we must presume that the information does not exist. *Id*.

¶ 36    Defendant suggests that counsel should have included more facts about his medications causing the delay in filing because there is evidence in the record that defendant suffered from mental health issues and was taking several medications. Defendant points to the report

generated by a psychiatrist before defendant's trial where defendant's fitness for trial was assessed. Defendant also points out that he has been incarcerated, so counsel could have sought medical records from the prison to support defendant's claim.

¶ 37      There is no evidence in the record that defendant suffered adverse effects from his psychotropic medication. Indeed, it would have been a reasonable strategy in this case for counsel to make the decision not to raise the previous medical records. The 2014 record would have been detrimental to his claim. The medical records show that during an interview defendant told the psychiatrist he did not experience any side effects from the relevant medication: "Mr. Chambers denied experiencing any side effects from using these psychotropic medications."

¶ 38      There is no evidence or even an allegation that information exists that could prove defendant's medication caused his delay in filing his petition or might excuse his petition being filed three years late. Postconviction counsel was under no obligation to search for and uncover evidence to support defendant's claim where there is no indication that such evidence exists. *People v. Vasquez*, 356 Ill. App. 3d 420, 425 (2005) (postconviction counsel is not obligated to search for evidence that might support claims contained in a petition).

¶ 39      Defendant also suggests that postconviction counsel was insufficiently familiar with the record as demonstrated by her failure to correct the circuit court when the court dismissed the petition based on a misapprehension of the facts. When making its ruling, the court determined that there was no evidence in the record defendant had a mental health issue before his plea. It is true that the circuit court incorrectly recited the facts when it dismissed the petition. But defendant does not appeal the circuit court's ruling, and we would review the circuit court's decision itself rather than the reasoning for the decision in any event. *People v. Wardell*, 230 Ill. App. 3d 1093, 1100 (1992); *People v. Busch*, 2020 IL App (2d) 180229, ¶ 46. Counsel certified

that she reviewed the record in this matter, and counsel made multiple statements that suggested her familiarity with the record in the response she filed to the State's motion to dismiss and at the hearing on the motion. Further, counsel requested continuances at the outset of the case to review the record and then subsequently appeared in court to inform the judge that she had "completed [her] review" of the record. Defendant has failed to establish that counsel was insufficiently familiar with the record in the case such that she did not provide reasonable assistance.

¶ 40     Here, counsel made amendments to the petition and raised the issues defendant claims she should have raised. Defendant has failed to demonstrate that counsel failed to comply with Supreme Court Rule 651(c), and he has failed to rebut the presumption that he received reasonable assistance from postconviction counsel. Therefore, defendant has failed to show he is entitled to relief on appeal.

¶ 41                                CONCLUSION

¶ 42     Accordingly, we affirm.

¶ 43     Affirmed.